IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

UNITED STATES OF AMERICA )
)
v. ) CASE NO. 3:12-CR-35-WKW
) [WO]
BRENT THOMAS )

**ORDER**

Before the court is Defendant Brent Thomas's motion for a sentence reduction under the First Step Act and for appointment of counsel. (Doc. # 48.) Mr. Thomas requests an appointed attorney to help him seek a sentence reduction under the First Step Act of 2018. *See* First Step Act of 2018, Pub. L. No. 115-391, § 404, 132 Stat. 5194 (2018) ("First Step Act"). In this instance, "the decision to appoint an attorney is left to the discretion of the district court." *United States v. Webb*, 565 F.3d 789, 792 (11th Cir. 2009). Because the record demonstrates that Mr. Thomas is not entitled to a sentencing reduction under the First Step Act, appointment of counsel is unwarranted.

The First Step Act, which became law on December 21, 2018, retroactively applies the Fair Sentencing Act of 2010's reduced statutory penalties for covered cocaine-base offenses. *See* First Step Act, § 404; Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (2010). Section 404(b) of the First Step Act provides that the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed."

Pub. L. No. 115-391 § 404(b); *see also* 18 U.S.C. § 3582(c)(1)(B). Relevant here, § 2 of the Fair Sentencing Act "alleviate[s] the severe sentencing disparity between crack and powder cocaine." *United States v. Peters*, 843 F.3d 572, 575 (4th Cir. 2016).

In 2013, Mr. Thomas was sentenced to 120 months on one count of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and on one count of possession of a firearm during and in relation to a drug-trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. # 28 (Plea Agreement); Doc. # 41 (Judgment).) His projected release date from the custody of the Bureau of Prisons is March 29, 2021. *See* https://www.bop.gov/inmateloc/ (last visited Aug. 19, 2020). Mr. Thomas is not eligible for a sentence reduction under the First Step Act for two straightforward reasons.

First, "[s]ection 403 of the First Step Act provides expressly that the amendment to section 924(c) applies only to defendants not yet sentenced when the Act was enacted." *Willingham v. United States*, 805 F. App'x 815, 817 (11th Cir. 2020) (citing First Step Act, § 403(b)). Because Mr. Thomas was sentenced in 2013, which was prior to Congress's enactment in 2018 of the First Step Act, § 403 does not apply to his sentence. *See id.* ("Willingham was sentenced [on a § 924(c)(1)(A) conviction] in September 2015: more than three years before Congress enacted the First Step Act on 21 December 2018. By its plain language, section 403 is thus inapplicable to Willingham."). In other words, § 403(b) does not apply retroactively

to Mr. Thomas's conviction. *See In re Green*, No. 19-10633-D, 2019 WL U.S. App. LEXIS 7268, at *3 (11th Cir. Mar. 12, 2019) ("As Green was sentenced in 2002, [§ 403(b) of] the First Step Act does not apply retroactively to his conviction." (alterations added)).

Second, § 404(b) of the First Step Act retroactively applies the Fair Sentencing Act of 2010's amended penalties. *United States v. Jones*, 962 F.3d 1290, 1297 (11th Cir. 2020). However, because Mr. Thomas was sentenced *after* the effective date of the Fair Sentencing Act, § 404(b) of the First Step Act does not provide him any relief. In other words, Mr. Thomas already received any benefits of the Fair Sentencing Act of 2010's reduced penalties for crack cocaine offenses. Accordingly, he is not eligible for a sentence reduction under § 404(b) of the First Step Act.

Based upon the court's discretion after a careful review of the record, it is ORDERED that Mr. Thomas's motion for appointment of counsel (Doc. # 48) is DENIED.

It is further ORDERED that Mr. Thomas's motion for a sentence reduction under the First Step Act (Doc. # 48) is DENIED.

DONE this 19th day of August, 2020.

/s/ W. Keith Watkins
UNITED STATES DISTRICT JUDGE